UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JACQUELINE ASTUDILLO,

                                Plaintiff,

        -against-

                                                                  02-CV-7902 (WHP)

U.S. NEWS & WORLD REPORT and
MORTIMER ZUCKERMAN,

                                Defendants.
------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION FOR RECONSIDERATION**

ZABELL & ASSOCIATES, LLP
500 Bi-County Blvd., Suite 112N
Farmingdale, NY 1135
(631) 719-0863

**PRELIMINARY STATEMENT**

Plaintiff Jacqueline Astudillo ("Astudillo" or "Plaintiff") by and through her attorneys, Zabell & Associates, LLP, respectfully submits this Memorandum of Law in Opposition to Defendants' motion pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 6.3 for Reconsideration of a Portion of the Court's Memorandum Decision and Order denying Defendant's Motion for Summary Judgment dated September 17, 2004 (hereinafter "Order").

Inasmuch as material issues of fact exist with respect to each of Plaintiff's claims and no mistakes of fact or law have been made, Plaintiff respectfully requests this Court deny Defendants' motion in its entirety and issue an Order certifying the case as trial ready.

**ARGUMENT**

**THIS COURT SHOULD NOT RECONDSIDER PARTS OF ITS ORDER PERTAINING TO THE IDENTITY OF PLAINTIFF'S EMPLOYER**

To be entitled to reconsideration of a motion, it must be shown that the "Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." Schipper v. United States of America, 1996 WL 651082 (E.D.N.Y. Oct. 31, 1996). However, motions for reconsideration will not be granted absent "highly unusual circumstances" – they do not provide litigants with "a second bite at the apple…" McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999), *cert denied*, 529 U.S. 1082, 120 S.Ct. 1708, 146 L.Ed.2d 511 (2000), Sequa Corp. v. GBJ Corp., 156 F.3d 136 (2d Cir. 1998).

Based upon the undisputed facts as set forth throughout this proceeding, no unusual circumstances exist which would support a grant of summary judgment with respect to the identity of Plaintiff's employer. As such, Defendants' motion should be denied in its entirety.

A.      **Defendants' Filing a Motion for Reconsideration**

As a point of procedure, Defendants' motion was not filed in compliance with Local Civil Rule 6.3.  Pursuant to Local Civil Rule 6.3, a motion for reconsideration of a Court Order shall be served with ten (10) days after the entry of the Court's Order.  In the present case, the Court's Order was docketed on September 20, 2004.  The motion for reconsideration was served on October 5, 2004.  Defendants' motion is <u>not</u> timely because the motion was served on October 5, 2004; eleven (11) business days after the motion was originally docketed.  As such, this Court should dismiss Defendants' motion as being untimely.

B.      **Material Issues of Fact Exist with Respect to the Identity of Plaintiff's Employer**

This Court properly relied upon the decision in <u>Herman v. RSR Sec. Servs., Ltd.</u>, 172 F.2d 132 (2d Cir. 1999), in denying Defendants' motion for summary judgment.  In <u>Herman</u>, the Court, in determining whether or not an entity would be characterized as an employer, held the determining factor to be whether the alleged employer "possessed the power to control the worker in question." <u>Id</u>. at 139.  Inasmuch as material issues of fact exist with respect to the identity of Plaintiff's employer, Defendants' motion for reconsideration must be denied.

In support of their position, Defendants' seemingly rely upon their own misrepresentation of this Court's Order which denied a grant of summary judgment.  Specifically, Defendants misinterpret the Court by stating "the Court recognized in its Order at page 9 that putting Plaintiff on the corporate payroll was simply ministerial and not indicative of any control over the conditions of her employment."  While it is true the Court did cite this statement, the Court never recognized its content. The Court subsequently countered that Plaintiff has "proffered evidence indicating that U.S. News did in fact exercise a degree of control over her employment."  Defendants would have us believe the Court endorsed the notion of U.S. News of

performing ministerial tasks in connection with Plaintiff's employment; however this represents mere supposition on the part of Defendants. Simply put, Defendants have taken these statements out of context.

Defendants next claim the Court deemed Plaintiff's receipt of paychecks and employee benefits through U.S. News as purely ministerial in nature.  This represents another mischaracterization of the Court's Order.  Nowhere in the Order does the Court acknowledge Plaintiff's receipt of paychecks through U.S. News as being ministerial in nature.  Credible evidence, including, but not limited to Plaintiff's application and receipt of FMLA leave through Defendant (Astudillo Dep p. 195, 239-241) and her receipt of job-related instructions from Wayne Osborne, an individual who worked for and was paid by Defendant U.S. News (Astudillo Dep p. 96)(Osborne Dec. ¶ 4), verify the existence of material issues of fact. Therefore, this argument lacks merit and the decision to deny summary judgment should be upheld.

With respect to Defendants argument regarding the duality of Mr. Osborne's employment with Defendant U.S. News and his alleged simultaneous employment with Defendant Zuckerman, Defendants have proffered no evidence through discovery which disproves Plaintiff's original arguments.  To date, Defendants have been unable to differentiate between Mr. Osborne's particular job duties at any given point in time.  This fact alone confirms the existence of material issues of fact which render Defendants' motion for reconsideration moot.

## **CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion for Reconsideration be denied in its entirety and Plaintiff be awarded costs and attorneys' fees for defending this motion.

Dated: Farmingdale, New York
October 18, 2004

ZABELL & ASSOCIATES, LLP
Attorneys for Plaintiff

By: _____
Saul D. Zabell (SZ-2738)
Christopher K. Collotta (CC-6827)
500 Bi-County Blvd., Suite 112N
Farmingdale, NY 11735
Tel.: (631) 719-0863